UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD J. KESSLER, | : | Case No. 3:11-cv-35 |
| Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| PALSTAR, INC., *et al.*, | : | |
| Defendants. | : | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 60)

This civil action is before the Court on Plaintiff's motion to compel compliance with the subpoena *duces tecum* served upon nonparty Paul Hrivnak (Doc. 60), and the parties' responsive memoranda (Docs. 61, 67).

### I. BACKGROUND

On July 21, 2011, Plaintiff served a subpoena *duces tecum* on nonparty Paul Hrivnak.[1] The subpoena requires Mr. Hrivnak to bring with him to his deposition:

> All documents and communications, including email, referencing or between Paul Hrivnak and Donald Kessler, Debra O'Neal, Isaac Love, Tom Berry, Eva Kovacs, theradiostore.net and Peter Kovacs. Any documents generated or referring for/to Case 10-385 (Kessler v. Hrivnak et al.), Court of Common Please [sic], Miami County Ohio. All documents, including email, evidencing or referencing any order of parts for assembling of AT-Auto Tuners placed after June 10, 2010. All documents evidencing or referencing any building or distributions, including but not limited to sale of AT-Auto Tuners or Firmware, including all documents related to any warranty or other repair, of AT-Auto Tuners after July 30, 2010.

---

[1] Mr. Hrivnak is the President, CEO, and Chief Engineer at Defendant Palstar, Inc.

(Doc. 60, Ex. 1).

After Plaintiff filed the motion to compel compliance with the subpoena *duces tecum*, he served Defendant Palstar with discovery requests containing 85 separate itemized requests for documents. (Doc. 61, Ex. B).[2] Numerous requests served on Palstar encompassed the same requests contained in the subpoena to Mr. Hrivnak.

## II. STANDARD OF REVIEW

Rule 45 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

Fed. R. Civ. P. 45(c)(1). The rule further provides that the court "shall quash or modify the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1).[3] The court,

---

[2] Palstar has a pending motion for a protective order regarding Plaintiff's discovery requests. (Doc. 66). Palstar's deposition is tentatively scheduled for September 30, 2010. It is the Court's understanding that Mr. Hrivnak's deposition was vacated and has not yet been rescheduled.

[3] "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Aetna Group, Inc. v. Aidco Int'l Inc.*, 1:11mc23, 2011 U.S. Dist. LEXIS 61286, at *6 (S.D. Ohio Feb. 22, 2010).

-2-

however, may limit discovery, even of relevant evidence, when justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

## III. ANALYSIS

Whether a subpoena imposes an "undue burden" depends on the facts of the case. *American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). Among the factors that the court may consider are "*relevance*, the *need* of the party for the documents, the *breadth* of the document request, the *time period* covered by it, the particularity with which the documents are described and the *burden imposed*." *Id.* (emphasis added.) "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and *the status of a person as a non-party is a factor that weighs against disclosure*." *Id.* (emphasis added).

Upon review of the pleadings and the representations of counsel, the Court finds that the subpoena issued to Mr. Hrivnak is overbroad and unduly burdensome in most respects. The Court will address each request in turn:

1. Documents and communications, including email, referencing or between Paul Hrivnak and Donald Kessler, Debra O'Neal, Isaac Love, Tom Berry, Eva Kovacs, theradiostore.net, and Peter Kovacs;[4]

2. Any documents generated or referring for/to Case 10-385 (Kessler v. Hrivnak et al) Court of Common Pleas, Miami County Ohio;

---

[4] Debra O'Neal is an assembler who testified as to her personal assembly of allegedly infringing products (AT-Auto Tuners); Isaac Love is an assembler of AT-Auto Tuners; Tom Berry is a consulting engineer to Palstar, Inc.; Eva Kovacs is the Vice President and Treasurer of Palstar, Inc.; Peter Kovacs is the "e-Business Manager for Palstar, Inc.; e-Business Consultant [to Palstar, Inc.]; manager of theRadioStore.net; eBay dealer for Palstar, Inc. (Exclusive rights)."

3. All documents, including email, evidencing or referencing any order of parts for assembling of AT-Auto Tuners placed after June 10, 2010; and

4. All documents evidencing or referencing any building or distributions, including but not limited to sale, of AT-Auto Tuners or Firmware, including all documents related to any warranty or other repair, of AT-Auto Tuners after July 30, 2010.

First, Mr. Hrivnak claims that many of the requested documents are corporate Palsar documents and he does not possess any such documents in his individual capacity. (Doc. 61 at 4). Moreover, the subpoena is clearly duplicative of the document requests that were recently issued to Palstar. (*See* Doc. 61, Ex. B). Requiring a non-party to obtain the same documents requested from the Defendant is overly burdensome. Plaintiff shall first obtain documents from the corporate entity Palstar. Subsequently, should Mr. Hrivnak possess any additional responsive documents (from his personal email account or otherwise), he shall produce such documents at his deposition.[5]

Second, the subpoena fails to include reasonable and relevant temporal and subject matter limitations. In his reply memorandum, Plaintiff agrees to adopt a temporal limitation from 1/1/2005 - present with respect to subpoena topics 1 and 2. However, further limitations are required. Specifically, Plaintiff must designate the specific topics of communication between Mr. Hirvnak and his employees. There is no question, that a

---

[5] The Court acknowledges the representation that "Paul Hrivnak personally conducted business relevant to the matters in this litigation in public facilities such as restaurants, in front of third-parties; through private and personal email accounts; delivered and also took possession of hardware relative to this matter home." (Doc. 60, Ex. 6 at ¶ 2). While it would be unduly burdensome to require Mr. Hrivnak to produce the same documents provided by the corporate entity, if Mr. Hrivnak has other, additional responsive documents in his possession, i.e., on his personal email account or elsewhere, he is required to produce them.

-4-

blanket request for all communications would require the production of a significant number of irrelevant documents. Simply requesting "important business papers" is insufficient. (Doc. 67 at 4).

## IV. CONCLUSION

Accordingly, Plaintiff's motion to compel (Doc. 60) is **GRANTED IN PART** and **DENIED IN PART** as provided herein.

**IT IS SO ORDERED.**

Date: 9/9/11

*Timothy S. Black*
Timothy S. Black
United States District Judge