UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD J. KESSLER,                          :    Case No. 3:11-cv-35
                                            :
        Plaintiff,                          :
                                            :    Judge Timothy S. Black
vs.                                         :
                                            :
PALSTAR, INC., *et al.*,                    :
                                            :
        Defendants.                         :

**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT
PALSTAR INC.'S MOTION FOR A PROTECTIVE ORDER (Doc. 66); and
(2) DENYING DEFENDANT PALSTAR INC.'S MOTION TO STRIKE (Doc. 73)**

This civil action is before the Court on Defendant Palstar's motion for a protective

order (Doc. 66) and the parties' responsive memoranda (Docs. 70, 72), and Defendant

Palstar's motion to strike (Doc. 73) and the parties' responsive memoranda (Docs. 75,

76).

## I.    BACKGROUND FACTS

On August 17, 2011, Plaintiff served a Rule 45 subpoena on Defendant Palstar for

a deposition pursuant to Fed. R. Civ. P. 30(b)(6).  (Doc. 66, Ex. A).  The subpoena

contained an addendum with more than 50 separate topics on which Plaintiff sought to

depose Palstar.  (*Id.*)  Plaintiff claims that his requests seek: (1) proof of the persons

involved in and the facts of the alleged infringement, including facts that support damage

claims and negate Defendants' counterclaims; (2) proof of the degree that Palstar may

shield Paul Hrivnak from personal liability for his actions in this matter under its

corporate umbrella;[1] and (3) proof of the truthfulness of the Defendants' pleadings and testimony.

Conversely, Palstar objects to the subpoena on the grounds that it is overbroad, unreasonably burdensome, vague, ambiguous, seeks irrelevant confidential and proprietary information, and is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Palstar claims that the requests fall into three objectionable categories: (1) the topic is not limited to a reasonable, relevant time period; (2) the topic is not limited to facts relevant to this litigation; and (3) the topic addresses an issue that has nothing to do with this litigation.

Defendant Palstar requests that this Court issue a protective order with respect to the subpoena that: (1) prohibits questioning on items 3(e), 3(n), 3(v), 3(kk), 3(mm), 3(nn), 3(oo), 3(pp), 3(qq), 3(ss), and 3(tt); and (2) limits items 3(b), 3(d), 3(n) (with respect to Peter Kovacs and/or theradiostore.net), 3(t), and 3(v) to relevant subject matters and/or a reasonable and relevant time period, namely January 1, 2008 to the present.

## II.  STANDARD OF REVIEW

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).[2]  The court,

---

[1] Plaintiff alleges that Palstar is a legal fiction, with no separate corporate identity and no independent existence apart from Mr. Hrivnak.

[2] "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing." *Aetna Group, Inc. v. Aidco Int'l Inc.*, No. 1:11mc23, 2011 U.S. Dist. LEXIS 61286, at *6 (S.D. Ohio Feb. 22, 2010).

however, may limit discovery, even of relevant evidence, when justice requires "to

protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense." Fed. R. Civ. P. 26(c).

Fed. R. Civ. P. 26 governs motions for protective orders and provides in relevant

part:

> Upon motion by a party or by the person from whom discovery is
> sought, accompanied by a certification that the movant has in good
> faith conferred or attempted to confer with the other affected parties
> in an effort to resolve the dispute without court action, and for good
> cause shown, the court . . . may make an order which justice requires
> to protect a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense, including one or more of the
> following:
>
> (1) that the disclosure or discovery not be had;
> . . .
>
> (4) that certain matters not be inquired into, or that the scope of the
> disclosure or discovery be limited to certain matters.

Fed. R. Civ. P. 26(c)(1), (4). "The burden of establishing good cause for a protective

order rests with the movant." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001). "To

show good cause, a movant for a protective order must articulate specific facts showing a

'clearly defined and serious injury' resulting from the discovery sought and cannot rely

on mere conclusory statements." *Id.* The grant or denial of a motion for a protective

order falls within the "broad discretion of the district court managing the case." *Century

Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988).

## III.   ANALYSIS

### A.    30(b)(6) Subpoena

Palstar's objection to the subpoena largely focuses on the "failure to account"

allegation, which Plaintiff included in his complaint, but which is not an issue in any of

the claims, counterclaims, or third-party claims or defenses in this matter.[3]  Plaintiff made

allegations of "failure to account" in prior litigation between the parties in the Common

Pleas Court of Miami County, Ohio, *Donald Kessler v. Hrivnak, et al.*, Case No.

10cv0385; however, that case was resolved in full by the Settlement Agreement and

Release of Claims that has been the subject matter of this litigation.  While alleged

breaches of the Settlement Agreement are at issue in this lawsuit (specifically with

respect to the alleged copyright infringement), the underlying claims of failure to account

and financial mismanagement are not.  Including facts in the complaint relating to these

resolved allegations was superfluous at the outset.  The fact that Palstar denied these

extraneous allegations in the Answer is not grounds to reopen discovery.[4]  This Court

---

[3] Specifically, in the amended complaint, Plaintiff alleges that he invested money in Palstar for a 39% ownership interest, and then in 2010 discovered financial irregularities in the management of Palstar which impaired the value of his investment. (Doc. 3 at ¶¶ 19, 20). Subsequently, Plaintiff filed a civil action alleging breach of fiduciary duty, failure to properly account, wrongful conversion, unjust enrichment, and wrongful appropriation. (*Id.* at ¶ 21). The civil action was settled by a confidential "Settlement Agreement and Release of Claims" executed by the parties on July 22, 2010. (*Id.* at ¶ 24). The settlement provided a termination of Defendants' license in the subject work. (*Id.* at ¶ 25). However, in approximately August 2010, Plaintiff alleged that Defendants were still engaged in selling the work. (*Id.* at ¶ 26). Plaintiff claims that by operating through an interconnected group of family run entities, Defendants have attempted to conceal their infringing activities. (*Id.* at ¶ 31).

[4] Plaintiff argues that Palstar has "opened the door" on the "failure to account" claim by specifically denying the "failure to account" allegations in the answer. Plaintiff claims that he is entitled to test the truthfulness of any denial.

finds the "failure to account" issue wholly irrelevant.  The fact that Defendants denied extraneous facts included in the complaint, does not *per se* "open the door" to discovery on the matter, when discovery would be in contravention of Fed. R. Civ. P. 26.

The Court will address each contested topic in turn:

**1.    Items 3(b) and 3(d): Sales, distribution, purchases, replacements, repairs, revenue of AT Auto tuners since 2005.**

Palstar does not deny that Plaintiff is entitled to discovery to show Palstar's replacement and repair of the AT Auto Tuners, the number sold and therefore subject to warranty, and other historical sales figures to determine damages and defend against Palstar's damage claims.  However, Defendant claims that two years of historical sales and warranty data is sufficient for evaluating sales, warranties, and repairs.

Plaintiff requests documents dating back to 2005, because he alleges that 2005[5] represents the latest possible date that the parties agree that he was functioning in some capacity for Palstar, and, therefore, all AT-Autos built and/or sold since that date represent the joint efforts of Plaintiff and Palstar.  Plaintiff argues that there are only a few hundred devices sold each year and therefore he requires more than two years of data to show any legitimate trends.[6]  Palstar's replacement and repair of AT-Auto Tuners are at the heart of this litigation, and, therefore, the Court finds that Plaintiff is entitled to the requested documents dating from mid-2006.

---

[5]    The AT Auto was not in mass production until mid-2006.

[6]    Defendant does not argue that the production of such information is burdensome – only that it is overbroad.

-5-

2.    **Item 3(e): All knowledge of the transactions consisting of the alleged sale of stock to, and buy-sell agreement and Close Corporation Agreement with, Donald Kessler, including any basis of valuation for Palstar relative to those transactions.**

Defendant maintains that the Buy-Sell Agreement and Close Corporation Agreement are being produced, but that the transactions related to these Agreements were resolved in prior litigation through the Settlement Agreement, and are therefore immaterial.  Plaintiff requests discovery pertaining to these transactions in order to rebut Palstar's statement in its Answer that "Kessler received, 5% in Palstar stock for alleged 'development' work" and to "understand the basis for the valuation of Palstar and the relative value of this work to Palstar and Kessler." (Doc. 36 at ¶ 19).[7]  Defendant's statement was simply a response to Plaintiff's allegation that "[i]n approximately 2008, Plaintiff invested $349K in Palstar, Inc. for what was alleged to be a 39% ownership of the company." (Doc. 3 at ¶ 19).  The Court finds that these factual assertions are simply background information and wholly unrelated to the underlying claims in this action.

Accordingly, Defendant's motion for a protective order is granted with respect to item 3(e).

3.    **Item 3(n): Nature, amount and dates of any financial transactions between Palstar and Paul Hrivnak or Eva Hrivnak.**

This request has no temporal or subject matter limitations and is therefore

---

[7] Defendant argues that Plaintiff cannot dispute that he recieved 5% in Palstar stock for work he did prior to May 6, 2008, as this transaction is set forth clearly in the four corners of the Share Purchase Agreement, which he signed.  (Doc. 72, Ex. B).

overbroad, burdensome, and ambiguous.[8]  A request for testimony on any and all

financial transactions with the President and CEO of Palstar and his wife, Palstar's

Treasurer, for nearly 15 years without regard to time, subject matter, or scope is

overbroad and unreasonably burdensome.  This Court has already ruled that these types

of open-ended, blanket requests are improper.  (Doc. 68 at 4-5).

Accordingly, Defendant's motion for a protective order is granted with respect to

item 3(n).

    **4.**    **Item 3(t): Knowledge of minutes and actions taken by the Board of Directors of Palstar, Inc., from January 1, 2005 to the present.**

Palstar maintains that it does not have a Board of Directors, and therefore this

issue is moot.

    **5.**    **Item 3(v): Knowledge of the domicile, legal place of residence, and time alleged to have been spent both in and out of the United States by Peter Kovacs since January 1, 2005.**

A 30(b)(6) deposition is not the appropriate source to request this type of

information.[9]  Moreover, it is unreasonable to expect that Palstar would have some

record of the time Mr. Kovacs spent in and out of the country.  Accordingly, Defendant's

motion for a protective order is granted with respect to item 3(v).

---

[8]  If Plaintiff seeks evidence of commingling funds in order to pierce the corporate veil, he should ask for such expressly, with appropriate temporal and subject matter limitations.

[9]  If Plaintiff seeks to expand upon Mr. Hrivnak's affidavit, he should depose Mr. Hrivnak in his individual capacity.

6.    **Item 3(kk): The name and address of any persons providing accounting services to Palstar since January 1, 2005.**

Palstar claims that this is an attempt to relitigate the issues resolved in the prior litigation. However, Defendant's financial statements may provide evidence of the sale of infringing products. Accordingly, the Court finds Plaintiff's request to be probative in that respect.

7.    **Item 3(mm): Knowledge of any reported incidents of workplace violence at Palstar made to any agency on or after January 1, 2005.**

Palstar claims that this request is intended to harass and annoy. Plaintiff maintains that the request goes to the degree of separation and independence of the Defendant corporation from Mr. Hrivnak. Specifically, Defendant claims that the degree to which Palstar acted in conformance with corporate laws, including the observation of federal safety rules, goes to the question of the corporation's independence.[10] The Court finds this argument to be attenuated and likely to lead to satellite litigation unrelated to the core issues.

Accordingly, Defendant's motion for a protective order is granted with respect to item 3(mm).

---

[10] The corporate veil may be pierced and individual directors held personally liable under the following circumstances: (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Belvedere Condo Unit Owners' Ass'n. v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1086 (Ohio 1993). The corporate veil cannot be pierced simply where control of the corporation was exercised to commit unjust or inequitable acts; rather, it requires for the control to have been exercised for "specific egregious acts." *Dombroski v. Wellpoint, Inc.*, 895 N.E.2d 538, 544 (Ohio 2008).

8.    **Item 3(nn): Knowledge of any reported incidents of workplace injury at Palstar that required medical treatment on or after January 1, 2005.**

Palstar claims that this request is overboard, irrelevant and improperly seeks

confidential medical information about Palstar employees.  Again, the Court finds that

this broad request is immaterial and likely to lead to satellite litigation.

Accordingly, Defendant's motion for a protective order is granted with respect to

item 3(nn).

9.    **Item 3(oo): Knowledge of any documented testing pursuant to verification of the CE certification suitability of Palstar products; Item 3(qq): Knowledge of Computer Aided Design (CAD) software purchases and status of licenses to all copyrighted software in use by Palstar on or after January 1, 2005; Item 3(tt): Knowledge of any "Export-Only" RF amplifiers sold in the United States, amplifiers made primarily or only for export outside the United States.**

Palstar claims that there are no litigation claims relating to these topics and that

the items have no temporal limitations.  Moreover, Plaintiff has no standing to assert any

claims relating to the status of any software licenses used by Palstar.

Plaintiff argues that a lack of compliance with any law, statute, or regulation,

regardless of its relevancy, bears on the issue of Plaintiff's desire to pierce the corporate

veil.  However, Plaintiff fails to provide any legal support for this argument.  CE

certification of products, CAD purchases and licenses, and Export-Only RF amplifiers,

have nothing to do with the infringement alleged by Plaintiff or the breaches of the

Settlement Agreement and other counterclaims set forth by Palstar.[11]

Accordingly, Defendant's motion for a protective order is granted with respect to items 3(oo), 3(qq), and 3(tt).

> 10. **Item 3(ss): Knowledge of any sexually explicit or harassing materials sent by email to, from or between any Palstar employees since January 1, 2005, and any resulting action which was taken subsequent to such knowledge.**

Palstar claims that this request is unrelated to the litigation. The Court agrees.

Accordingly, Defendant's motion for a protective order is granted with respect to item 3(ss).

### B. Motion to Strike

Defendant Palstar claims that Plaintiff's declaration includes immaterial, impertinent, and scandalous accusations that should be stricken. (*See* Doc. 70, Ex. 2). Specifically, Palstar requests that the Court strike the allegations in Paragraphs 1, 2, 5, 6, 9, 10, 11, 12, 14, 15, 16, 21 of the Declaration of Don Kessler and on pages 6, 9, 10, 12, 14, 15, 16, 17, 18 of Plaintiff's response in opposition to the motion for protective order and sanction Plaintiff for his misconduct and for attorneys' fees and costs. (Doc. 73).

In ruling on a motion to strike, a court must "use a scalpel, not a butcher knife" to only strike portions that are not admissible." *Upshaw v. Ford Motor Co.*, 576 F.3d 576,

---

[11] Plaintiff's requests lack focus. If, in fact, Palstar disclosed evidence of, for example, false certifications, such evidence does not, without additional evidence, serve to pierce the corporate veil. Plaintiff's focus should be more narrowly tailored as to Mr. Hrivnak's control of the corporation and/or commingling of corporate funds.

593 (6th Cir. 2009). "[T]he Court has the inherent power to strike filings that do not comply with court rules." *Ogle v. BAC Home Loans Servicing LP*, No. 2:11cv540, 2011 U.S. Dist. LEXIS 97104, at *6 (S.D. Ohio Aug. 29, 2011).

Plaintiff alleges that he has first-hand knowledge of each of the statements made in his declaration. (*See* Doc. 75 at 4). Without specific evidence contradicting the allegations, this Court must accept Plaintiff's allegations as true.[12] Upon careful review of the affidavit, the Court declines to strike any passage. It appears that Plaintiff's purpose in submitting the declaration was to support his requests for evidence to pierce the corporate veil, not to harass or embarrass Palstar or Mr. Hrivnak. While, for example, Palstar is not required to provide evidence of all instances of workplace violence or harassment, or be able to testify to each instance of software licensing, it should be prepared to testify as to Mr. Hrvinak's role, if any, in the administration of the corporation. Plaintiff is permitted to inquire as to pertinent factors which may evidence an alter ego.

## IV. CONCLUSION

Accordingly:

1. Defendant's motion for a protective order (Doc. 66) is **GRANTED IN PART** and **DENIED IN PART** as discussed herein; and

2. Defendant's motion to strike (Doc. 73) is **DENIED**.

---

[12] The fact that Palstar does not have a Board of Directors does not change that fact that it was Plaintiff's understanding that there was such a Board.

-11-

**IT IS SO ORDERED.**

Date:  9/27/11

Timothy S. Black
United States District Judge